## ZEIGLER v. JENNISON.

Where notices for an appeal were withdrawn, after they were left with the clerk and the attorney of the adverse party, the case remains as if no such notices had been served.

Where the papers in a case show that the appeal was not taken within one year from the time judgment was rendered, this court will not set aside an order dismissing such appeal, unless the fact is clearly established that the notices were served, and an appeal perfected within the time limited by the Code.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. The appeal in this case was dismissed, on the ground that it was not taken within one year after the judgment was rendered. A petition is now filed to grant a rehearing of the motion on which the appeal was dismissed. By the petition and answer, it appears that notices of appeal were served upon the clerk and defendant's attorney, within a year after the judgment was rendered, but both of these notices were soon after withdrawn. About six months afterwards a new set of notices were left with the clerk and defendant's attorney. But these new notices were not served until several months after the time limited for the appeal had expired. The petition and affidavit of plaintiff's attorney show, that the appeal was not perfected at the time the first notices were served, and that those notices were withdrawn in consequence of the desire of one or both of the attorneys to be absent at the time the case would have come before this court if the appeal had then been perfected. The petition and answer show considerable disagreement, as to the facts and circumstances under which the first notices were withdrawn.

But independent of this disagreement, the petition does not present a *prima facie* case for setting aside the order dismissing the appeal.  As the first notices were voluntarily withdrawn, the case was left as if no such notices had been served.

Where the papers in a case show that the appeal was not taken within one year from the time judgment was rendered, this court will not set aside an order dismissing such appeal, unless the fact is clearly established that the notices were served and an appeal perfected within the time limited by the Code.  That fact is not so established by the petition and affidavit in this case, consequently the application must be overruled.

Judgment affirmed.

*Wm. G. Woodward,* for appellant.

*H. O'Connor,* for appellee.